IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| DARIAN ANTONIO COLEMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WARDEN JOHN PATE, OFFICER CHARLIE ) <br> FRAZIER, SGT. LEON MACK, LT. ELLEN ) <br> INABINET, MAJOR WORROCK, NURSE ) <br> MRS. SPALDING, and DIRECTOR BRYAN ) <br> P. STERLING, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil No. 8:16-cv-0709-DCN <br><br> **ORDER** |

This matter is before the court on Magistrate Judge Jacquelyn D. Austin's Report and Recommendation ("R&R"), ECF No. 139, that the court: (1) grant defendants Warden John Pate ("Pate") and Director Bryan Sterling's ("Sterling") motion to dismiss, ECF No. 10, with respect to plaintiff Darian Antonio Coleman's ("plaintiff") 42 U.S.C. § 1983 claims; (2) grant defendant Sargent Leon Mack's ("Mack") motion to dismiss, ECF No. 82, with respect to plaitniff's § 1983 claims; (3) grant defendants Officer Charlie Frazier ("Frazier"), Lt. Ellen Inabinet ("Inabinet"), and Major Worrock's ("Worrock") motion for summary judgment, ECF No. 85, with respect to plaintiff's § 1983 claims; (4) grant defendant Nurse Mrs. Spalding's ("Spalding") motion for summary judgment, ECF No. 123, with respect to plaintiff's § 1983 claims; and (5) remand the case to state court to address any remaining state law causes of action.  Defendants have all filed objections to the R&R.  For the reasons set forth below, the court adopts the R&R in part and rejects

1

the R&R in part, and grants defendants various motions to dismiss and motions for summary judgment with respect to all of plaintiff's claims.

## I. BACKGROUND[1]

Plaintiff alleges that on June 10, 2014, he was subjected to excessive force by use of chemical munitions. ECF No. 1-1 at 14. More specifically, plaintiff asserts that he was kicking his cell door to get the attention of security staff so that he could use the computer to conduct legal research. Id. Frazier asked plaintiff what his problem was, and plaintiff informed Frazier that he had requested to use the computer. Id. Frazier informed plaintiff he would not be able to use the computer, at which point plaintiff kicked his cell door again because it was clear he would not be allowed to use the computer. Id. Frazier then came to plaintiff's door, opened the feeding flap, administered chemical munitions, locked the flap, and walked away. Id. Plaintiff contends that Frazier subsequently falsified an incident report, that Inabinet helped conceal the falsified report by signing the report, and that Worrock helped conceal the falsified report by failing to "blow the whistle" on Frazier. Id. at 14–15. Plaintiff contends that Inabinet and Mack failed to meet correctional standards by failing to ensure cell checks were conducted every 30 minutes. Id. at 15. Plaintiff further contends that Inabinet and Mack reported to plaintiff's cell 20 to 30 minutes after the incident and removed plaintiff's cell mate from the cell but refused to remove plaintiff. Id. Plaintiff also alleges he informed Mack and Spalding that he was having chest pains when they came to his cell to administer his daily medication,

---

[1] The parties have not challenged the magistrate judge's outline of the facts. Therefore, the court recites that outline almost verbatim.

but Spalding did nothing. Id. at 16. Further, Mack told Spalding that Plaintiff refused medical assistance. Id.

Plaintiff filed the instant action in the Court of Common Pleas for Richland County on December 16, 2015. ECF No. 1-1. Defendants removed the action to this court on March 4, 2016. ECF No. 1. Pate and Sterling filed a motion to dismiss on March 9, 2016, ECF No. 10. Plaintiff filed a response in opposition on April 5, 2016, ECF No. 29, and Pate and Sterling filed a reply on April 15, 2016. ECF No. 32. Plaintiff filed another document on April 22, 2016, which the magistrate judge construed to be a second response in opposition to Pate and Sterling's motion to dismiss. ECF No. 35. Mack filed a motion to dismiss on July 21, 2016, ECF No. 82, and Frazier, Inabinet and Worrock filed a motion for summary judgment on July 22, 2016. Plaintiff filed a response in opposition to these motions on October 18, 2016. ECF No. 118. Spalding filed a motion for summary judgment on November 9, 2016, ECF No. 123, and plaintiff filed a response in opposition on December 2, 2016. ECF No. 127. The magistrate judge issued the R&R on January 31, 2017. ECF No. 139. Fraizer, Inabinet, Mack, Pate, Sterling, and Worrock (the "SCDC Defendants") filed objections to the R&R on February 14, 2017. ECF No. 142. Spalding filed separate objections to the R&R the same day. ECF No. 144. Plaintiff never filed any objections to the R&R or any reply to defendants' objections. The matter is now ripe for the court's review.

## II.  STANDARDS

### A.  <u>De Novo</u> Review

This court is charged with conducting a <u>de novo</u> review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. 636(b)(1). The court may adopt the portions of the R&R to which the petitioner did not object, as a party's failure to object is accepted as agreement with the conclusions of the magistrate judge. <u>Thomas v. Arn</u>, 474 U.S. 140, 149–50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and it is this court's responsibility to make a final determination. <u>Mathews v. Weber</u>, 423 U.S. 261, 270–71 (1976).

### B.  <u>Pro Se</u> Plaintiff

Plaintiff is proceeding <u>pro se</u> in this case. Federal district courts are charged with liberally construing complaints filed by <u>pro se</u> litigants to allow the development of a potentially meritorious case. <u>See</u> <u>Hughes v. Rowe</u>, 449 U.S. 5, 9–10 (1980). <u>Pro se</u> complaints are therefore held to a less stringent standard than those drafted by attorneys. <u>Id.</u> Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. <u>See</u> <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387, 390–91 (4th Cir. 1990).

### C.  Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must "accept[] all well-pleaded allegations in the plaintiff's complaint as true and draw[] all reasonable factual inferences from

those facts in the plaintiff's favor." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. A complaint must contain sufficient factual allegations in addition to legal conclusions. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "Facts pled that are 'merely consistent with' liability are not sufficient." A Soc'y Without a Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

### D.     Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving

party." Id. At the summary judgment stage, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in his favor. Id. at 255.

### III. DISCUSSION

Unsurprisingly, defendants do not challenge the bulk of the magistrate judge's analysis. Instead, they object only to the magistrate judge's recommendation that the court remand the case to state court to resolve any state law claims.[2] SCDC Defs.' Objections 3; Spalding Objections 2. The SCDC Defendants argue that plaintiff has failed to plead any state law claims. SCDC Objections 3–4. All defendants argue that, even if plaintiff's complaint could be construed to plead any state law claims, this court is already in a position to rule that those claims must fail. Id. at 5–6; Spalding Objections 3–4. In defendants' view, remand would only serve to waste the parties' and the state court's resources. SCDC Defs.' Objections 6–8.

Pursuant to 28 U.S.C. § 1367(a), if a district court possesses original jurisdiction in a civil proceeding, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." The statute further provides that a district court may decline to exercise such jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The court has "wide discretion" to dismiss or keep a case after all claims that fell within its original jurisdiction have been dismissed. Johnson v. Ozmint, 456 F. Supp.

---

[2] Plaintiff did not file any objections to the R&R. The court has reviewed those sections of the R&R that remain unchallenged for clear error. Finding none, the court adopts the magistrate judge's recommendation that defendants' motions be granted with respect to plaintiff's § 1983 claims.

2d 688, 698 (D.S.C. 2006). "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Id. "The doctrine of supplemental jurisdiction 'thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values.'" Id. (quoting Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995)).

The court finds that remand is unnecessary. This case has been with the court for 14 months and the parties have already brought the case to the summary judgment stage. SCDC Defs.' Objections 8. The court does not see any underlying issues of federal policy or comity that would weigh in favor of remand, and while remand would obviously save the resources needed to resolve the case in this court, those resources are not especially significant. Remand would require the parties to spend even more of their own resources and unnecessarily burden the state court. Thus, the court rejects the magistrate judge's recommendation that the court remand the remainder of the case to state court. Instead, the court will resolve plaintiff's purported state law claims herein.

Here, plaintiff has failed to sufficiently plead any state law claims, even under the more liberal standard used to evaluate pro se pleadings. While a complaint filed by a pro se litigant must be "liberally construed," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation omitted), a pro se litigant must still plead "more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 (4th Cir. 2008) (internal quotation omitted). A court may not construct the plaintiff's legal arguments for him.

<u>Small v. Endicott</u>, 998 F.2d 411, 417–18 (7th Cir. 1993).   Nor should a court "conjure up questions never squarely presented."  <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

  Plaintiff's complaint does not actually identify any state law causes of action.  Instead, he simply lists the facts underlying his action.  ECF No. 1-1 at 13–17.  Thus, it is difficult to understand what plaintiff's state law claims would even be.  Because the court is unable to address any state law claims without first building plaintiff's arguments for him, the court finds that any such claims must be dismissed.  Engaging in such speculation to address hypothetical arguments is neither an appropriate use of judicial resources, nor fair to plaintiff, as plaintiff may wish to articulate different claims than the ones the court would make for him.  In these circumstances, the better course of action is to dismiss plaintiff's complaint without prejudice.

## IV.  CONCLUSION

Therefore, the court **ADOPTS** the R&R in part and **REJECTS** the R&R in part.  The court **GRANTS** defendants' motions to dismiss and for summary judgment with respect to plaintiff's § 1983 claims, and **DISMISSES** plaintiff's complaint without prejudice to the extent it contains any state law claims.

**AND IT IS SO ORDERED**.

                        **DAVID C. NORTON**
                        **UNITED STATES DISTRICT JUDGE**

**March 31, 2017**
**Charleston, South Carolina**